UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HECTOR E. PINEIRO, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ) <br> GARY GEMME, WORCESTER CHIEF of POLICE, ) <br> And THE CITY OF WORCESTER, a Municipal ) <br> Corporation ) <br> ) <br> Defendants ) <br> ) | C.A. NO.: 4-10-CV-40262-FDS |

**PLAINTIFF'S OPPOSITION TO CHIEF GARY GEMME AND THE CITY OF WORCESTER MOTION TO STRIKE UNDER FED.R.CIV. P. 12 (f) or FOR A MORE DEFINITE STATEMENT UNDER FED. R.CIV. P. 12 (e)**

**Facts**

On December 31, 2010, plaintiff filed a federal complaint seeking a declaration that Defendants' issuance of a Class A license to carry a firearm in Massachusetts with certain restrictions violates his rights under the Second and Fourteenth Amendments. Plaintiff seeks injunctive and compensatory relief under the federal civil rights act. 42 U.S.C. § 1983.  On August 17, 2010, Plaintiff applied with the City of Worcester for a license to carry ("LTC") a firearm pursuant to G.L. c. 140, § 131.  Complaint at ¶ 45.  Plaintiff also alleged in his complaint that he took all the necessary gun education programs required in Massachusetts. Complaint at ¶ 42, 43. In August 2010, plaintiff took an additional course to carry concealed weapons.  Complaint at 46. On September 24, 2010, Defendants' issued the plaintiff a LTC, Class A but with various restrictions. i.e. the restricted permit allowed the plaintiff to carry a handgun only for target practice and hunting but denied him the right to carry concealed for all

1

lawful purposes as allowed by Class A licenses in Massachusetts. Complaint at ¶ 47, 48. In the complaint plaintiff alleges that he met all the requirements under Massachusetts law because he was not exclude from eligibility to possess a license to carry (e.g., plaintiff was not an alien, had never suffered from mental illness, was over the age of 21 and had never been convicted of any crimes). Complaint at ¶ 50.  Plaintiff also alleges in his complaint, that he provided defendants' with a number of reasons as to why he had "good reason to fear injury to his person or property. Id. at 62 and ¶ 14-41.  Plaintiff alleges in his complaint that the Second Amendment right to keep and bear arms applies to States and municipalities and that the only remedy available to plaintiff under State law "denies him the right and ability, both substantively and procedurally, to vindicate his Second Amendment right to bear arms for self defense. ¶ 58.  Plaintiff alleges in his complaint that M.G.L. c. 140 § 131, by its plain language, only provides for review of the reasonableness of a municipal determination of an individual's suitability for a LTC, but that it does not provide scrutiny of the municipal conduct regulating a constitutional right, nor does it mandate nullification of unreasonableness or unconstitutional action of a municipal denial or restriction of a LTC. Id. at 58.  Plaintiff also alleges that under state law, review of a police chief's denial or restriction of a LTC does not allow discovery of all evidence pertinent to Second Amendment rights and it denies the right to a jury trial.  Id. at 60.  The complaint further alleges that under color of law (the Massachusetts statute, and his own interpretations of the statute) Chief Gemme claims authority to deny, suspend or revoke based on selectively applied criteria and even denies the right to carry concealed firearms for self defense to citizens generally based on no criteria at all.  Id. at 61.  Plaintiff alleges as well that Gemme refused to issue him a Class A license to carry a concealed weapon, under a policy adopted by him with avowed intent to deny LTC to citizens generally. Id. at 64-73.  The plaintiff alleges as well that Chief Gemme

2

has denied him a LTC without restrictions in part because in the past and currently he has impleaded him as a party defendant in a number of federal civil rights lawsuits under 42 U.S.C. § 1983. Id. at 108. Plaintiff has also alleged that Chief Gemme has granted and renewed unrestricted LTC selectively to individuals with either no cognizable distinctions compared to Pineiro, because they are public employees or have political connections but in some other instances he disregards the criteria under State Law and his own criteria altogether to allow or continue LTC's to person found guilty of crimes. Id. ¶ 110, 111. Finally, the plaintiff alleges that neither Worcester's firearm's policy nor Massachusetts State Law can restrict or condition Pineiro's right to exercise his Second Amendment rights to self defense by placing the burden on him to demonstrate "he has good reason to fear injury to his person or property" as the Massachusetts law requires. Id. at ¶ 104[1].

**ARGUMENT**

**Introduction**

Defendants advance a number of criticisms that in their view demand the extraordinary remedy of striking portions of the Complaint or which in the alternative should result in the Court requiring the plaintiff to provide a more definite statement. They argue that the Plaintiff's Complaint is replete with "immaterial, impertinent and redundant matters as to constitute a flagrant violation of the requirements of Fed. R.Civ. P. 8 (d) (1)." They also argue that in the Complaint the plaintiff fails to provide a "simple, concise and direct" [statement] or in the alternative they argue that under Fed. R. Civ. P. 8 (a)(2) the claim for relief "must contain . . . a short and plain statement showing that the pleader is entitled to relief." Defendant's Motion at page 1. They critical as to the length of the complaint and the number of paragraphs which they

---

[1] Plaintiff has two Counts in his complaint alleging violations to 42 U.S.C. § 1983, the Second and Fourteenth Amendments.

argue sound more like memorandum than a plain statement.  They are also critical of footnotes and "microscopic type" some of which they claim recites Massachusetts law on this issuance of licenses to carry firearms. In the plaintiff's federal complaint, which raises a claim that the defendants' have violated plaintiff's constitutional rights under the Second and Fourteenth Amendment they intimate they are dissatisfied with discussion on the Second Amendment.

Defendants argue they are prejudiced in two ways.  First, because they a small "town" law department who has limited resources will spend too much time responding to "an excessively meandering, verbose and impertinent pleading containing limited allegations of relevant facts . . .".  Defendants Memorandum of Law at page 3.  Secondly, that because the "mixture of excessively meandering, verbose and impertinent pleadings leaves the defendants only to speculate as to the statement of the claim, particularly with respect to the Plaintiff's Equal Protection claim . . .".   Defendant's Memorandum of Law at page 3.

## I.     DEFENDANTS' FAIL TO SHOW A VIOLATION OF FED. R.CIV.P. 8 (a) OR OF RULE 12(f).

This Court recently laid out and compiled in *Hayes v. McGee*, et al, CA No. 10-40095-FDS, (Document 10), the standard of review available when a party moves to strike a pleading, material that it considers, redundant immaterial or impertinent.  This Court held that: "[F]ed. R. Civ. P. 12(f) is designed to reinforce the requirements in [Rule 8(d)(1)] that pleadings be simple, concise and direct."  Charles A. Wright, et al., *Federal Practice And Procedure* ("Wright & Miller"), § 1380 at 391 (2004)." *Id.* at 3. As the Court recently held, a pleading that violates the spirit of Rule 8 may be struck "within the discretion of the court." (citations omitted). *Id*. at 3. But as the Court correctly held in *Hayes*, "[T]hat discretionary power should nonetheless be exercised cautiously. Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous

judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." (Citations Omitted).  *Id*. at 3.  See e.g. *Boreri v. Fiat, S.P.A*., 763 F.2d 17, 23 (1st Cir. 1985) ("[S]uch motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion."). Id. at 3.

This Court also correctly opined in *Hayes*, that "[m]otions to strike are rarely granted absent a showing of prejudice to the moving party" citing *Ross-Simons of Warwick, Inc*. v. *Baccarat, Inc*., 182 F.R.D. 386, 398 (D.R.I. 1998)("Mere redundancy is insufficient to support a motion to srike, the movant must demonstrate that prejudice would result if the offending material remained in the pleadings."). *Id* at 4.

A Rule 12 (e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e. so vague that the defendant cannot begin to frame a response. See *Famolare Inc. v. Edison Bros Stores, Inc*. 525 F.Supp. 940, 949 (E.D. Cal. 1981) citing *C.B. Sonora School District*, 691 F. Supp. 2d 1170, 1191 (E.D. Cal. 3-8-2010) (denying motion for more definitive statement).  The Court must deny the motion if the complaint is specific enough to notify defendants of the substance of the claim being asserted. *See Burrerong*, 922 F.Supp. at 1461; see also San *Bernardino Pub. Eployees Ass'n v. Stout*, 946 F.Supp. 790, 804 (C.D. Cal. 1996) ("a motion for a more definitive statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her."). *Id*. at 1191. The Court may also deny the motion if the detail sought by a motion for definitive statement is obtainable through discovery. *See Davidson v. Santa Barbara High Sch. Dist*., 48 F.Supp.2d 1225, 1227 (C.D. Cal. 1998).[2] "Thus, the class of pleadings that are appropriate subjects for a

---

[2] *See, e.g. Corey v. Look,* 641 F.2d 32, 38, at fn* 10  (1st Cir. 1981) ("If more information is needed to prepare a responsive pleading, defendants may resort to the motion for a more definite statement. To

motion under Rule 12 (e) is quite small – the pleading must be sufficiently intelligible for the court to make out one or more potentially viable legal theories on which the claimant may proceed, but it must not be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." Wright & Miller § 1376." *Id.* at 1191. Whether to grant a Rule 12 (e) motion for a more definitive statement lies within the wide discretion of the district court.  See *id*. at § 1377.  "[H]owever motions for more definitive statement are viewed with disfavor and are rarely granted.  William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, *Federal Civil Procedures Before Trial* § 9:351 (2000)." *Id*. at 1191.

"[T]he Rule 12 (e) 'motion shall point out the defects complained of and the details desired.'" *Id.* (quoting Fed. R.Civ. P. 12 (e)). "[T]he district court has broad discretion to utilize th[is] procedure [] in a manner that is useful and equitable to the parties." (remaining citations omitted) quoting *Lynch v. Ramsey*, CA, No. 10-3436 (JP) (E.D. Pa. 11-4-2010) (granting motion for a more definitive statement with respect to the dates the plaintiff was search, drug tested and when supervisors ordered him to leave work because the alleged conduct could fall outside of the statute of limitations).  *Id.*

This Court also held in *Hayes* that where the complaint is excessively detailed, verbose, meandering, or even at times vague, "[t]he application of rule 12(f) is not appropriate in this case." *Id*. at 4-5.  As this Court noted in *Hayes*, motions to strike are disfavored except in situations where there is a "gross violation of Rule 8's pleading requirement. *Newman,* 115 F.R.D. at 343-44." *Id*. at 5.

---

prepare adequately for trial, defendant has available the extensive discovery procedures in Rule 26 through7 37).

Worcester and Gemme have, just as the moving parties in *Hayes*, fallen short of the Rule 12 (f) standard and have failed to establish the type of prejudice warranted for this Court to exercise the "drastic remedy of striking the complaint in its entirety" or portions thereof. The complaint provides both defendants' in this action ample notice and context to enable them to respond to the plaintiff's federal complaint. The allegations that plaintiff has made as to how he was denied his constitutional rights under the Second Amendment is neither meandering, impertinent nor does it prejudice Worcester. Without a doubt, Worcester and Gemme understand the nature of the complaint as evidence of their filing an additional motion to dismiss or stay the proceeding on abstention grounds due to the "pendency of a state action on the same matter" as they incorrectly characterize the plaintiff's lawsuit. *Cf. Green v. Commonwealth of Massachusetts*, 108 F.R.D. 217, 218 (D. Mass. 1985) ("Complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with [the] goals [of the pleading rules]." (Internal quotes and citation omitted).

## Conclusion

For the foregoing reasons, defendant's motion to strike plaintiff's complaint should be denied and defendants' motion for a more definite statement should also be denied.

    Respectfully submitted,
    Plaintiff

    */s/ Hector E. Pineiro*
    Hector E. Pineiro, BBO # 555315
    Law Office of Hector E. Pineiro
    807 Main Street
    Worcester, MA 01610
    Tel. (508) 770-0600
    hector@pineirolegal.com

Dated: February 14, 2011

## CERTIFICATE OF SERVICE

I, Hector E. Pineiro, Esq., hereby certify that the within document, filed February 14, 2011, via the Electronic Filing System of the Court, has been served on all registered participants, and there are no unregistered participants.

*/s/ Hector E. Pineiro*
Hector E. Pineiro