UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| HECTOR E. PINEIRO, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. NO. 10-40262-FDS |
| | ) | |
| GARY GEMME, WORCESTER CHIEF | ) | |
| OF POLICE AND THE CITY OF | ) | |
| WORCESTER, | ) | |
| Defendants | ) | |
| | ) | |

### ANSWER OF DEFENDANTS GARY GEMME AND
### CITY OF WORCESTER TO PLAINTIFF'S COMPLAINT

Now come Defendants Gary Gemme, Chief of Police (Chief) and the City of Worcester (collectively, Defendants) and hereby answer Plaintiff's Complaint and Request for Jury Trial as follows:

### INTRODUCTION

1.      Paragraph 1 of Plaintiff's Complaint presents a conclusion of law to which a responsive pleading by Defendants is not required.  Insofar as that paragraph can be construed as alleging facts, Defendants deny them.

### JURISDICTION

2.      Defendants neither admit nor deny the allegations contained within Paragraph 2 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

### PARTIES

3.      Defendants admit the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.      Defendants admit that Gemme was at all times material hereto the Chief of the City of Worcester Police Department (WPD), but neither admit nor deny the remaining allegation contained within Paragraph 4 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

5.      Defendants admit the allegations contained within Paragraph 5 of Plaintiff's Complaint.

**FACTS**

6.      Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

7.      Defendants neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.   Insofar as that paragraph can be construed as alleging facts, Defendants admit that licenses to carry firearms are governed by Mass. Gen. Laws c. 140, § 131 and the Chief is the licensing authority for the City of Worcester pursuant to Mass. Gen. Laws c. 140, § 131.

8.      Defendants neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.   Insofar as that paragraph can be construed as alleging facts, Defendants admit that the Chief is the licensing authority for the City of Worcester pursuant to Mass. Gen. Laws c. 140, § 131.   However, Defendants deny the allegations contained within Paragraph 8 of Plaintiff's Complaint that the Chief denied the Plaintiff a license to carry firearms pursuant to Mass. Gen. Laws c. 140, § 131.

9.      Defendants neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.   Insofar as that paragraph can be construed as alleging facts, Defendants admit that licenses to carry firearms are governed by Mass. Gen. Laws c. 140, § 131 and the Chief is the licensing authority for the City of Worcester pursuant to Mass. Gen. Laws c. 140, § 131.

10.      Defendants neither admit nor deny the allegations contained within Paragraph 10 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.   Insofar as that paragraph can be construed as alleging facts, Defendants deny them.

11.      Defendants admit the allegations contained within Paragraph 11 of Plaintiff's Complaint to the extent that Plaintiff has no criminal convictions.   Defendants neither admit nor deny the remaining allegations contained within Paragraph 11 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

12.      Defendants neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as it relates to Plaintiff's ownership interest in 807 Main Street, Worcester, MA.   Defendants admit the allegations contained within Paragraph 12 to the extent that Plaintiff's law practice is located at 807 Main Street, Worcester, MA.

13.    Defendants admit the allegations contained within Paragraph 13 of Plaintiff's Complaint to the extent that Plaintiff is lawyer and maintains a law practice.  Defendants neither admit nor deny the remaining allegations contained within Paragraph 13 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

14.    Defendants neither admit nor deny the allegations contained within Paragraph 14 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

15.    Defendants neither admit nor deny the allegations contained within Paragraph 15 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

16.    Defendants neither admit nor deny the allegations contained within Paragraph 16 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

17.    Defendants neither admit nor deny the allegations contained within Paragraph 17 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

18.    Defendants neither admit nor deny the allegations contained within Paragraph 18 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

19.    Defendants neither admit nor deny the allegations contained within Paragraph 19 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

20.    Defendants neither admit nor deny the allegations contained within Paragraph 20 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to length of time that Plaintiff has maintained a law practice at 807 Main Street, Worcester, MA. Defendants admit the allegations contained within Paragraph 20 to the extent that Plaintiff's law practice is presently located at 807 Main Street, Worcester, MA.

21.    Defendants neither admit nor deny the allegations contained within Paragraph 21 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

22.    Defendants neither admit nor deny the allegations contained within Paragraph 22 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

23.     Defendants neither admit nor deny the allegations contained within Paragraph 23 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

24.     Defendants neither admit nor deny the allegations contained within Paragraph 24 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

25.     Defendants neither admit nor deny the allegations contained within Paragraph 25 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

26.     Defendants neither admit nor deny the allegations contained within Paragraph 26 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

27.     Defendants neither admit nor deny the allegations contained within Paragraph 27 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

28.     Defendants neither admit nor deny the allegations contained within Paragraph 28 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as it pertains to Plaintiff's thoughts or perceptions.  However, Defendants deny the allegation contained within Paragraph 28 of Plaintiff's Complaint of a "trend of increasing criminal activity in Worcester."

29.     To the extent that the allegations contained within Paragraph 29 of Plaintiff's Complaint references a public safety report conducted by the Worcester Regional Research Bureau, the contents of that report speak for itself and any allegations inconsistent therewith are denied.  To the extent that the allegations contained within Paragraph 29 of Plaintiff's Complaint infer that the Worcester is unsafe, Defendants deny those allegations.

30.     To the extent that the allegations contained within Paragraph 30 of Plaintiff's Complaint references a public safety report conducted by the Worcester Regional Research Bureau, the contents of that report speak for itself and any allegations inconsistent therewith are denied.  To the extent that the allegations contained within Paragraph 30 of Plaintiff's Complaint infer that the Worcester is unsafe, Defendants deny those allegations.

31.     Defendants neither admit nor deny the allegations contained within Paragraph 31 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

32.     Defendants neither admit nor deny the allegations contained within Paragraph 32 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

33.     Defendants admit the allegations contained within Paragraph 33 of Plaintiff's Complaint and further admit that the alleged perpetrator of this attack was arrested by the Worcester Police Department five days after the incident.

34.     Defendants admit the allegations contained within Paragraph 34 of Plaintiff's Complaint to the extent that it was reported two individuals entered Plaintiff's garage and struck Plaintiff's son with a gun.

35.     Defendants admit the allegations contained within Paragraph 35 of Plaintiff's Complaint to the extent it was reported this incident occurred at approximately 5:30 p.m.

36.     Defendants admit the allegations contained within Paragraph 36 of Plaintiff's Complaint to the extent that it was reported that the Plaintiff's daughter was inside Plaintiff's home and that the Plaintiff's son was inside of Plaintiff's garage at the time this incident occurred.  Defendants neither admit nor deny the remaining allegations contained within Paragraph 36 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

37.     Defendants admit the allegations contained within Paragraph 37 of Plaintiff's Complaint to the extent that it was reported that Plaintiff's son was struck with a gun and sought medical treatment.

38.     Defendants admit the allegations contained within Paragraph 38 of Plaintiff's Complaint. To the extent that the allegations contained within Paragraph 38 of Plaintiff's Complaint infers that the WPD did not investigate this incident, Defendant denies those allegations.

39.     Defendants neither admit nor deny the allegations contained within Paragraph 39 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

40.     Defendants neither admit nor deny the allegations contained within Paragraph 40 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

41.     Defendants neither admit nor deny the allegations contained within Paragraph 41 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

42.     Defendants admit the allegations contained within Paragraph 42 of Plaintiff's Complaint that Plaintiff has provided documentation of his completion of the course, but neither admit nor deny the remaining allegations contained within Paragraph 42 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

43.     Defendants admit the allegations contained within Paragraph 43 of Plaintiff's Complaint to the extent that a document entitled "Commonwealth of Massachusetts Department of State Police-Basic Firearms Safety Certificate" is attached to Plaintiff's Complaint as Exhibit 1.

44.     Defendants neither admit nor deny the allegations contained within Paragraph 44 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.  Defendants admit the allegations contained within Paragraph 44 of Plaintiff's Complaint to the extent that a document entitled "Commonwealth of Massachusetts-Certificate of Compliance Basic Hunter Education Course" is attached to Plaintiff's Complaint as Exhibit 2.

45.     Defendants admit the allegations contained within Paragraph 45 of Plaintiff's Complaint.

46.     Defendants neither admit nor deny the allegations contained within Paragraph 46 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

47.     Defendants admit the allegations contained within Paragraph 47 of Plaintiff's Complaint to the extent that, on September 24, 2010, the Chief issued Pineiro a Class A license to carry with a sporting and target restriction.  Defendants neither admit nor deny the remaining allegations contained within Paragraph 47 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 47 of Plaintiff's Complaint infers that it was improper for the Chief to issue a license with restrictions, Defendants deny those allegations.

48.     Defendants neither admit nor deny the allegations contained within Paragraph 48 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 48 of Plaintiff's Complaint allege facts, Defendants deny those allegations.

49.     Defendants neither admit nor deny the allegations contained within Paragraph 49 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 49 of Plaintiff's Complaint allege facts, Defendants deny those allegations.

50.     Defendants neither admit nor deny the allegations contained within Paragraph 50 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

51.     Defendants neither admit nor deny the allegations contained within Paragraph 51 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

52.     Defendants neither admit nor deny the allegations contained within Paragraph 52 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

53.     Defendants neither admit nor deny the allegations contained within Paragraph 53 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

54.     Defendants neither admit nor deny the allegations contained within Paragraph 54 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

55.     Defendants neither admit nor deny the allegations contained within Paragraph 55 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

56.     Defendants deny the allegations contained within Paragraph 56 of Plaintiff's Complaint.

57.     Defendants neither admit nor deny the allegations contained within Paragraph 57 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 57 of Plaintiff's Complaint allege facts, Defendants deny those allegations.

58.     Defendants neither admit nor deny the allegations contained within Paragraph 58 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 58 of Plaintiff's Complaint allege facts, Defendants deny those allegations.

59.     Defendants neither admit nor deny the remaining allegation contained within Paragraph 59 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

60.     Defendants neither admit nor deny the allegations contained within Paragraph 60 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

61.     Defendants admit the allegations contained within Paragraph 61 of Plaintiff's Complaint to the extent that the Chief, as the licensing authority, has the authority and discretion to deny, suspend or revoke licenses to carry firearms in accordance with his statutory authority and case law.  Defendants deny that the Chief makes decisions pertaining to licenses to carry firearms arbitrarily or capriciously and deny that he acted arbitrarily, capriciously or improper with regard to the Plaintiff's application for a license to carry firearms.

62.     To the extent that the allegations contained within Paragraph 62 of Plaintiff's Complaint references Plaintiff's application for a license to carry firearms, the contents of the application speak for itself and any allegations inconsistent therewith are denied.

63.     To the extent that the allegations contained within Paragraph 63 of Plaintiff's Complaint references Plaintiff's application for a license to carry firearms, the contents of the application speak for itself and any allegations inconsistent therewith are denied.  As to the remaining allegations contained within Paragraph 63 of Plaintiff's Complaint, Defendants neither admit nor deny as they are without knowledge or information sufficient to form a belief as to the truth of the allegations as it pertains to Plaintiff's intent.

64.     Defendants deny the allegations contained within Paragraph 64 of Plaintiff's Complaint.

65.     To the extent that the allegations contained within Paragraph 65 of Plaintiff's Complaint reference a WPD policy, the policy speaks for itself and any allegations inconsistent therewith are denied.

66.     To the extent that the allegations contained within Paragraph 66 of Plaintiff's Complaint reference a WPD policy, the policy speaks for itself and any allegations inconsistent therewith are denied.

67.     To the extent that the allegations contained within Paragraph 67 of Plaintiff's Complaint reference a WPD policy, the policy speaks for itself and any allegations inconsistent therewith are denied.

68.     To the extent that the allegations contained within Paragraph 68 of Plaintiff's Complaint reference a WPD policy, the policy speaks for itself and any allegations inconsistent therewith are denied.  Defendants further deny the remaining allegations contained within Paragraph 68 of Plaintiff's Complaint that the Chief "radically altered the policy governing the issuance of LTCs in Worcester."  Moreover, to the extent that the allegations contained within Paragraph 68 of Plaintiff's Complaint infer that the policy was not in accordance with Mass. Gen. Laws c. 140, § 131, Defendants deny those allegations.

69.     To the extent that the allegations contained within Paragraph 69 of Plaintiff's Complaint reference a WPD policy, the policy speaks for itself and any allegations inconsistent therewith are denied.  To the extent that the allegations contained within Paragraph 69 of Plaintiff's Complaint infer that the policy is improper, Defendants deny those allegations.

70.     Defendants neither admit nor deny the remaining allegation contained within Paragraph 70 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

71.     To the extent that the allegations contained within Paragraph 71 of Plaintiff's Complaint reference a WPD policy, the policy speaks for itself and any allegations inconsistent therewith are denied.  To the extent that the allegations contained within Paragraph 71 of Plaintiff's Complaint infer that the policy is improper, Defendants deny those allegations.

72.     To the extent that the allegations contained within Paragraph 72 of Plaintiff's Complaint reference a WPD policy, the policy speaks for itself and any allegations inconsistent therewith are denied.   To the extent that the allegations contained within Paragraph 72 of Plaintiff's Complaint infer that the policy is improper, Defendants deny those allegations.

73.     To the extent that the allegations contained within Paragraph 73 of Plaintiff's Complaint reference a WPD policy, the policy speaks for itself and any allegations inconsistent therewith are denied.   To the extent that the allegations contained within Paragraph 73 of Plaintiff's Complaint infer that the policy is improper, Defendants deny those allegations.

74.     To the extent that the allegations contained within Paragraph 74 of Plaintiff's Complaint reference a WPD policy, the policy speaks for itself and any allegations inconsistent therewith are denied.   To the extent that the allegations contained within Paragraph 74 of Plaintiff's Complaint infer that the policy is improper, Defendants deny those allegations.

75.     To the extent that the allegations contained within Paragraph 75 of Plaintiff's Complaint reference a WPD policy, the policy speaks for itself and any allegations inconsistent therewith are denied.   To the extent that the allegations contained within Paragraph 75 of Plaintiff's Complaint infer that the policy is improper, Defendants deny those allegations.

76.     Defendants deny the allegations contained within Paragraph 76 of Plaintiff's Complaint.

77.     Defendants admit the allegations contained within Paragraph 77 of Plaintiff's Complaint to the extent that officers assigned to the WPD Licensing Unit processed Plaintiff's application and took his fingerprints for a criminal background check.

78.     Defendants neither admit nor deny the allegations contained within Paragraph 78 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.   To the extent that the allegations in Paragraph 78 of Plaintiff's Complaint references Plaintiff's application for a license to carry firearms, the contents of the application speak for itself and any allegations inconsistent therewith are denied.

79.     Defendants neither admit nor deny the allegations contained within Paragraph 79 of Plaintiff's Complaint as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.   To the extent that the allegations in Paragraph 79 of Plaintiff's Complaint references Plaintiff's application for a license to carry firearms, the contents of the application speak for itself and any allegations inconsistent therewith are denied.

80.     Defendants neither admit nor deny the allegations contained within Paragraph 80 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

81.     Defendants admit the allegations contained within Paragraph 81 of Plaintiff's Complaint to the extent that on September 24, 2010, the Plaintiff was issued a Class A license to carry with a restriction for sporting and target, but deny that Plaintiff currently has those restrictions on his license.

82.     Defendants admit the allegations contained within Paragraph 82 of Plaintiff's Complaint to the extent that on September 24, 2010, the Plaintiff was issued a Class A license to carry with a restriction for sporting and target, but deny that Plaintiff currently has those restrictions on his license.

83.     Defendants admit the allegations contained within Paragraph 83 of Plaintiff's Complaint to the extent that on September 24, 2010, the Plaintiff was issued a Class A license to carry with a restriction for sporting and target, but deny that Plaintiff currently has those restrictions on his license.

84.     Defendants deny the allegations contained within Paragraph 84 of Plaintiff's Complaint.

85.     Defendants neither admit nor deny the allegations contained within Paragraph 85 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

86.     Defendants neither admit nor deny the allegations contained within Paragraph 86 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

87.     Defendants admit the allegations contained within Paragraph 87 of Plaintiff's Complaint to the extent that Plaintiff sent correspondence, dated November 3, 2010, to the Chief regarding his license to carry firearms.

88.     To the extent that Paragraph 88 of Plaintiff's Complaint references Plaintiff's correspondence to the Chief, the document speaks for itself and any allegations inconsistent therewith are denied.  Moreover, Defendants deny the allegations referenced in and contained within Plaintiff's correspondence to the Chief.

89.     Defendants neither admit nor deny the allegations contained within Paragraph 89 of Plaintiff's Complaint as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

90.     Defendants neither admit nor deny the allegations contained within Paragraph 90 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

91.     Defendants neither admit nor deny the allegations contained within Paragraph 91 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

92.     Defendants neither admit nor deny the allegations contained within Paragraph 92 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

93.     Defendants neither admit nor deny the allegations contained within Paragraph 93 of Plaintiff's Complaint, as they are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

94.     Defendants neither admit nor deny the allegations contained within Paragraph 94 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

95.     Defendants neither admit nor deny the allegations contained within Paragraph 95 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 95 of Plaintiff's Complaint references a newsletter from the Massachusetts Chiefs of Police Association, the contents of that newsletter speak for itself and Defendants have insufficient knowledge or information to enable them to admit or deny those allegations.

96.     Defendants neither admit nor deny the allegations contained within Paragraph 96 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 96 of Plaintiff's Complaint references a website for Medford, Massachusetts Police Department and Defendants have insufficient knowledge or information to enable them to admit or deny those allegations.

97.     Defendants neither admit nor deny the allegations contained within Paragraph 97 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 97 of Plaintiff's Complaint references a website for the Federal Bureau of Investigations and Defendants have insufficient knowledge or information to enable them to admit or deny those allegations.

98.     Defendants neither admit nor deny the allegations contained within Paragraph 98 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 98 of Plaintiff's Complaint references an unfamiliar website, the contents of that website speak for itself and Defendants have insufficient knowledge or information to enable them to admit or deny those allegations.

99.     Defendants neither admit nor deny the allegations contained within Paragraph 99 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 99 of Plaintiff's Complaint references an unfamiliar website, the contents of that website speak for itself and Defendants have insufficient knowledge or information to enable them to admit or deny those allegations.

100.    Defendants neither admit nor deny the allegations contained within Paragraph 100 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 100 of Plaintiff's Complaint references an unfamiliar website, the contents of that website speak for itself and Defendants have insufficient knowledge or information to enable them to admit or deny those allegations.

101.    Defendants deny the allegations contained within Paragraph 101 of Plaintiff's Complaint.

102.    Defendants deny the allegations contained within Paragraph 102 of Plaintiff's Complaint.

103.    Defendants neither admit nor deny the allegations contained within Paragraph 103 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 103 of Plaintiff's Complaint allege facts, Defendants deny those allegations as Plaintiff is the holder of a Class A license to carry.

104.    Defendants neither admit nor deny the allegations contained within Paragraph 104 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 104 of Plaintiff's Complaint allege that the City is restricting Plaintiff's Second Amendment rights, the Defendants deny those allegations as Plaintiff is the holder of a Class A license to carry.

105.    Defendants neither admit nor deny the allegations contained within Paragraph 105 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 105 of Plaintiff's Complaint allege facts, Defendants admit Plaintiff is the holder of a Class A license to carry.

106.    Defendants neither admit nor deny the allegations contained within Paragraph 106 of Plaintiff's Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.  To the extent that the allegations contained within Paragraph 106 of Plaintiff's Complaint allege facts, Defendants admit Plaintiff is the holder of a Class A license to carry.

107.    Defendants deny the allegations contained within Paragraph 107 of Plaintiff's Complaint.

108.    Defendants deny the allegations contained within Paragraph 108 of Plaintiff's Complaint.

109.    Defendants deny the allegations contained within Paragraph 109 of Plaintiff's Complaint.

110.    Defendants deny the allegations contained within Paragraph 110 of Plaintiff's Complaint.

111.    Defendants deny the allegations contained within Paragraph 111 of Plaintiff's Complaint.

112.    Defendants deny the allegations contained within Paragraph 112 of Plaintiff's Complaint.

113.    Defendants admit the allegations contained within Paragraph 113 of Plaintiff's Complaint.

114.    Defendants admit the allegations contained within Paragraph 114 of Plaintiff's Complaint to the extent that Plaintiff had a hearing scheduled for April 8, 2011 and that Plaintiff's state court action was dismissed upon agreement of the parties.

<u>COUNT I</u>
42 U.S.C. § 1983-Second and Fourteenth Amendments
All Defendants

115.    Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

116.    Defendants deny the allegations contained within Paragraph 116 of Plaintiff's Complaint.

117.    Defendants deny the allegations contained within Paragraph 117 of Plaintiff's Complaint.

118.    Defendants deny the allegations contained within Paragraph 118 of Plaintiff's Complaint.

119.    Defendants deny the allegations contained within Paragraph 119 of Plaintiff's Complaint.

120.    Defendants deny the allegations contained within Paragraph 120 of Plaintiff's Complaint.

121.    Defendants deny the allegations contained within Paragraph 121 of Plaintiff's Complaint.

122.    Defendants deny the allegations contained within Paragraph 122 of Plaintiff's Complaint.

123.    Defendants deny the allegations contained within Paragraph 123 of Plaintiff's Complaint.

<u>COUNT II</u>
42 U.S.C. § 1983-Equal Protection
All Defendants

124.    Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

125.    Defendants deny the allegations contained within Paragraph 125 of Plaintiff's Complaint.

126.    Defendants deny the allegations contained within Paragraph 126 of Plaintiff's Complaint.

127.    Defendants deny the allegations contained within Paragraph 127 of Plaintiff's Complaint.

128.    Defendants deny the allegations contained within Paragraph 128 of Plaintiff's Complaint.

129.    Defendants deny the allegations contained within Paragraph 129 of Plaintiff's Complaint.

130.   Defendants deny the allegations contained within Paragraph 130 of Plaintiff's Complaint.

131.   Defendants deny the allegations contained within Paragraph 131 of Plaintiff's Complaint.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief, as requested, in part as a result of the application of the doctrine of unclean hands.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's cause of action is moot as he is the holder of unrestricted Class A license to carry.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's service of process was insufficient, and, therefore, Plaintiff's case should be dismissed.

FIFTH AFFIRMATIVE DEFENSE

The individual Defendants are qualifiedly immune from liability in their individual capacity.

SIXTH AFFIRMATIVE DEFENSE

Defendants' actions were justified and in good faith at all times.

SEVENTH AFFIRMATIV DEFENSE

Plaintiff's claim is governed exclusively by a state statute, Mass. Gen. Laws c. 140, § 131, and, as such, this Court lacks jurisdiction.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his statutory remedies pursuant to Mass. Gen. Laws c. 140, § 131.

NINTH AFFIRMATIVE DEFENSE

The actions of the Chief were reasonable and were not arbitrary, capricious or an abuse of discretion.

TENTH AFFIRMATIVE DEFENSE

Pursuant to Mass. Gen. Laws c. 140, § 131, the licensing authority may issue a license to carry firearms subject to such restrictions relative to the possession, use or carrying of firearms as the licensing authority deems proper.

ELEVENTH AFFIRMATIVE DEFENSE

The Second Amendment does not guarantee the Plaintiff the right to an unrestricted license to carry firearms.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are without merit as the Chief and the statutory scheme of Mass. Gen. Laws c. 140, § 131 did not and do not violate Plaintiff's Second Amnemdment, procedural and substantive due process rights or his equal protection rights.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendants at all times acted reasonably and with a good faith belief that their actions were lawful and not in violation of any federal or state constitutional right.

FIFTEENTH AFFIRMATIVE DEFENSE

The individual Defendants did not interfere with, or attempt to interfere with, any federal or state constitutional or statutory right of Plaintiff.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any actual deprivation of any rights secured by the Constitution or laws of either the United States or the Commonwealth.

SEVENTEENTH AFFIRMATIVE DEFENSE

The City is not liable under 42 U.S.C. § 1983 because the actions of the individual Defendants were constitutional, i.e., did not deprive Plaintiff of any rights.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any unconstitutional actions of the individual Defendants were not caused by any City policy or custom.

## NINTEENTH AFFIRMATIVE DEFENSE

The actions of the individual Defendants were, at all times, justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff was not selectively treated as it pertains to the issuance of his license to carry firearms.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fails to identify specific instances where persons situated similarly were treated different in the issuance of licenses to carry firearms.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Punitive damages are not recoverable against a municipality.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous and made in bad faith, and Defendants therefore demand their costs and attorneys' fees.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants state that Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 as the conduct alleged in Plaintiff's Complaint does not involve any particular right arising under the United States Constitution, and further that no violation of any constitutional right has been pleaded with the requisite particularity, and, therefore, counts purporting to allege such violation must be dismissed.

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

The Defendants are not liable for damages because any conduct by Defendants, their employees or agents, in connection with the matter alleged in the Complaint was discretionary within the scope of their authority as a public official and performed in good faith.


WHEREFORE, Defendants demands that Plaintiff's Complaint be dismissed with costs and attorney's fees awarded in their favor.

Defendants further demands a trial by jury on all issues so triable.

> GARY GEMME AND
> CITY OF WORCESTER,
>
> By their attorneys,
>
> David M. Moore
> City Solicitor
>
> */s/ Kevin M. Gould*
> David M. Moore (BBO #352850)
> City Solicitor
> Kevin M. Gould (BBO #661545)
> Assistant City Solicitor
> City Hall, Room 301
> 455 Main Street
> Worcester, MA  01608
> (508) 799-1161
> moored@worcesterma.gov
> gouldk@worcesterma.gov


<u>CERTIFICATE OF SERVICE</u>

I, Kevin M. Gould, hereby certify that, on this 30th day of November, 2011, the within, Answer of Defendants Gary Gemme and City of Worcester to Plaintiff's Complaint, was served upon all counsel of record through this Court's electronic filing system as identified on the Notice of Electronic Filing.


> */s/ Kevin M. Gould*
> Kevin M. Gould
> Assistant City Solicitor